```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
OCTAVIO FRIAS,                     :

        Petitioner,                :
                                            Memorandum Opinion
                                   :            & Order
     -against-
                                   :        09 Civ. 2537 (JFK)
                                            01 Cr. 0307 (JFK)
UNITED STATES OF AMERICA,          :

        Respondent.                :
-----------------------------------X
```

JOHN F. KEENAN, United States District Judge:

      Petitioner Octavio Frias has filed a pro se petition pursuant to 28 U.S.C. § 2255. In his petition, he claims to have received ineffective assistance from his appointed counsel, Mr. Andrew Patel, Esq. In support of his ineffective assistance claims, Frias makes allegations about purported conversations between himself and Mr. Patel. The Government wishes to speak with Mr. Patel about these allegations and to supplement the record with an affirmation from him. To facilitate this, the Government requests an order that Frias has waived attorney-client privilege over communications relating to his ineffective assistance claims.

      "[T]he attorney-client privilege cannot at once be used as a shield and a sword . . . . Thus, the privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications."

United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir 1991). "It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." In re Lott, 424 F.3d 446, 457-58 (6th Cir. 2005) (quoting Bittaker v. Woodford, 331 F.3d 715, 720 (9th Cir. 2003) (en banc)); Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."); Laughner v. United States, 373 F.2d 326, 327 (5th Cir. 1967); see also Graziose v. United States, No. 03 Civ. 8109, 2004 WL 102699, at *1 (S.D.N.Y. Jan. 21, 2004).

Accordingly, petitioner has waived attorney-client privilege over communications with counsel that are relevant to the ineffective assistance of counsel claims raised in the § 2255 petition.

SO ORDERED.

Dated:   New York, New York
         May 20, 2009

/s/ John F. Keenan
JOHN F. KEENAN
United States District Judge