```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
OCTAVIO FRIAS,                      :
                                    :
                    Petitioner,     :     No. 09 Civ. 2537 (JFK)
                                    :     No. 01 Cr. 307 (JFK)
     -against-                      :
                                    :     MEMORANDUM OPINION
UNITED STATES OF AMERICA,           :          AND ORDER
                                    :
                    Respondent.     :
-----------------------------------X
```

**JOHN F. KEENAN, United States District Judge:**

Before the Court is petitioner Octavio Frias's ("Petitioner") Motion to Proceed in Forma Pauperis on appeal of the denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Because Petitioner has failed to state the issues that he intends to present on appeal, Petitioner's motion is denied without prejudice.

### I.  Background

After a jury trial held before the Honorable Allen G. Schwartz between March 4 and March 12, 2003, Petitioner was convicted of committing murder while engaged in a conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin and more than five kilograms of cocaine, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2. At trial, Petitioner was represented by counsel appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. After the passing of Judge Schwartz, Petitioner's case was reassigned to

-1-

the undersigned for sentencing and subsequent matters, and Petitioner was sentenced on July 1, 2004, to a term of life imprisonment.  On appeal, the U.S. Court of Appeals for the Second Circuit affirmed the judgment of conviction but remanded the case for the limited purpose of resentencing in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). United States v. Frias, No. 04-4106-cr, slip op. at 3 (2d Cir. Sept. 28, 2005).  This Court conducted a hearing on January 4, 2006, and resentenced Petitioner to life imprisonment.  The Second Circuit affirmed the reimposed sentence. United States v. Frias, 521 F.3d 229, 236 (2d Cir. 2008).

In February 2009, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner claimed that he was entitled to a new trial due to ineffective assistance of counsel, newly discovered evidence, and alleged violations of the prosecution's discovery obligation under Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1953).  By Opinion and Order dated September 13, 2010, the Court denied Petitioner's motion on all grounds. Frias v. United States of America, 2010 WL 3564866 (S.D.N.Y. Sept. 13, 2010).

On October 21, 2010, Petitioner filed the instant motion, seeking leave to proceed in forma pauperis on appeal of this Court's September 13, 2010, Opinion and Order.  Although no formal affidavit was attached to Petitioner's motion, Petitioner

attested that he had previously been declared indigent by the District Court for the Southern District of New York and the Second Circuit, and that he was unable to afford the costs associated with an appeal.

## II. Discussion

Under the Federal Rules of Appellate Procedure, "a party who desires to appeal in forma pauperis" may do so by filing a motion in the district court accompanied by an affidavit stating, among other things, "the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(3)(C); Fed. R. App. P. 24 advisory committee's note (citing 28 U.S.C. § 1915(a)) ("The content of the affidavit follows the language of the statute; the requirement of a statement of the issues comprehends the statutory requirement of a statement of "the nature of the . . . appeal."). See also United States v. Farley, 238 F.2d 575, 576 (2d Cir. 1956) ("[A]n application for leave to appeal in forma pauperis will have sufficient substance to warrant consideration only if . . . it identifies with reasonable particularity the claimed errors which will be the basis for the appeal.") (interpreting 28 U.S.C. § 1915).

In this case, Petitioner has not stated the issues he intends to raise on appeal. Therefore, the Court must deny Petitioner's request for leave to proceed on appeal in forma pauperis.

A strict application of Rule 24(a)(1) of the Federal Rules of Appellate Procedure is appropriate in this case because a failure to state the issues that a petitioner intends to present on appeal hinders the district court's task of determining whether an appeal is taken "in good faith." Fed. R. App. P. 24(a)(3)(A). A district court is not required to speculate on what grounds a petitioner might wish to challenge the district court's order. Should Petitioner renew his application by setting forth grounds for appeal, he should be aware that the failure to present meritorious arguments can serve as a basis for the denial of a request to proceed in forma pauperis. See Coppedge v. United States, 369 U.S. 438, 446-47, 82 S. Ct. 917, 921-21 (1962).

### III. Conclusion

For the reasons stated above, Petitioner's Motion to Proceed in Forma Pauperis is DENIED without prejudice.

**SO ORDERED.**

Dated:   New York, New York
         March 4, 2011

*/s/ John F. Keenan*
JOHN F. KEENAN
United States District Judge